IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS M. ROSEBY,                    :
    Plaintiff                          :
                          :      No. 1:22-cv-00081
       v.                               :
                          :      (Judge Rambo)
UNITED STATES OF AMERICA, :
    Defendant                          :

## MEMORANDUM

Pending before the Court is Defendant the United States of America ("Defendant")'s motion to dismiss the complaint and/or for summary judgment. (Doc. No. 11.)  For the reasons set forth below, the Court will grant Defendant's motion.

## I.    BACKGROUND

### A.    Procedural Background

Plaintiff Douglas M. Roseby ("Plaintiff"), a convicted and sentenced federal prisoner, is currently incarcerated at Federal Correctional Institution Allenwood ("FCI Allenwood") in White Deer, Pennsylvania.  (Doc. No. 1.)  On January 14, 2022, he commenced the above-captioned action by filing a complaint pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346.  (Id.)  Named as Defendants are the United States of America, the U.S. Attorney General's Office, and the U.S. Attorney for the Middle District of Pennsylvania, Scranton Division.  (Id.)  In his complaint, Plaintiff alleges that, on July 4, 2021, the Federal

Bureau of Prisons ("BOP") LockBox received two (2) IRS stimulus checks for $1,806.22 and $1,400, both of which were designated for Plaintiff.  (Id. at 4.) Plaintiff also alleges that, ten (10) days later, on July 14, 2021, both of those stimulus checks were "cleared and placed" in his prison account.  (Id.)  Plaintiff claims, however, that approximately one month later, on August 20, 2021, the warden and trust fund staff at FCI Allenwood "negligently" took $1,400 from his prison account. (Id. at 4, 5.)  In connection with these allegations, Plaintiff seeks the return of the $1,400 taken from his prison account, as well as an additional $200,000 for "mental duress" and "mental anguish[.]"  (Id.)

In addition to filing his complaint, Plaintiff also filed a motion for leave to proceed in forma pauperis and his prisoner trust fund account statement.  (Doc. Nos. 2, 5.)  On March 9, 2022, the Court issued an Order that granted Plaintiff's motion for leave to proceed in forma pauperis, terminated the United States Attorney General's Office, and the United States Attorney for the Middle District of Pennsylvania, Scranton Division as Defendants in this action,[1] and directed the Clerk

---

[1]  As explained by the Court in its March 9, 2022 Order, the only proper defendant in an action brought under the FTCA is the United States of America.  See 28 U.S.C. § 2679; see also CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008) (stating that "[t]he Government is the only proper defendant in a case brought under the FTCA").

of Court to serve the complaint, summons, and waivers on the United States of America ("Defendant").  (Doc. No. 6.)

Thereafter, on May 23, 2022, Defendant filed a motion to dismiss the complaint and/or for summary judgment, followed by a statement of material facts and supporting brief.  (Doc. Nos. 11, 12, 13.)  On June 6, 2022, Plaintiff filed a motion to compel Defendants "to serve" their brief in support of their motion to dismiss the complaint and/or for summary judgment so that he could "properly and timely" respond to it.  (Doc. No. 14.)   Plaintiff did not file a brief in support of his motion to compel.  Subsequently, however, on June 14, 2022, Plaintiff filed a brief in opposition to Defendant's motion to dismiss the complaint and/or for summary judgment, as well as an affidavit.  (Doc. Nos. 15, 16.)  Then, on June 22, 2022, Defendant filed a reply brief to Plaintiff's brief in opposition.  (Doc. No. 17.)  And, finally, on July 7, 2022, Plaintiff filed a motion to strike Defendant's reply brief. (Doc. No. 18.)  Plaintiff did not file a brief in support of his motion to strike.

Thus, Defendant's pending motion to dismiss the complaint and/or motion for summary judgment, and Plaintiff's pending motions to compel service of Defendant's brief in support and to strike Defendant's reply brief, are ripe for the Court's resolution.  The Court now turns to the underlying material facts in this matter.

B.      **Factual Background**

1.      **The Court's Local Rules**

In accordance with the Court's Local Rules, Defendant filed a statement of material facts in support of its motion for summary judgment.  (Doc. No. 12.)  As reflected by the Court's docket, however, Plaintiff did not file his own statement of material facts, responding to the numbered paragraphs set forth in Defendant's statement.  Thus, under the Court's Local Rules, Defendant's facts are deemed admitted since:

> A failure to file a counter-statement equates to an admission of all the facts set forth in the movant's statement. This Local Rule serves several purposes. First, it is designed to aid the Court in its determination of whether any genuine issue of material fact is in dispute. Second, it affixes the burden imposed by Federal Rule of Civil Procedure 56(e), as recognized in Celotex Corp. v. Catrett, on the nonmoving party 'to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designated specific facts showing that there is a genuine issue for trial.' 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotations omitted) (emphasis added).

See Williams v. Gavins, No. 1:13-cv-0387, 2015 WL 65080, at *5 (M.D. Pa. Jan. 5, 2015), aff'd sub nom. Williams v. Gavin, 640 F. App'x 152 (3d Cir. 2016) (emphasis in original) (citation omitted).  In fact, Defendant advised Plaintiff in its statement of material facts that, "pursuant to Local Rule 56.1, all facts set forth in [its] statement [would] be deemed admitted unless controverted by Plaintiff with references to the record supporting Plaintiff's position."  (Doc. No. 12 at 1.)

Thus, the material facts in this Memorandum are derived from Defendant's statement of material facts. That being said, the Court has conducted a thorough and impartial review of the record in this matter. To the extent that there are any disputed issues of material fact that are unresolved by Defendant's motion for summary judgment, the Court will expressly note such disputes herein.

### 2.    The Material Facts

Eric Salwocki ("Salwocki") is currently employed by the BOP as the complex trust fund supervisor at the Federal Correctional Complex ("FCC Allenwood") in White Deer, Pennsylvania. (Doc. No. 12 ¶ 3.) As a trust fund supervisor, Salwocki ensures the integrity and accuracy of inmate trust fund account information at FCC Allenwood and supervises assistant trust fund supervisors. (Id. ¶ 4.) Salwocki has been with the BOP for twelve (12) years, with ten (10) years being in the Trust Fund Department. (Id. ¶ 5.) In addition, Salwocki spent four (4) years as an assistant trust fund supervisor and was promoted to complex trust fund supervisor in 2022. (Id. ¶ 6.)

In December of 2021, Mr. Salwocki assisted in an investigation into an administrative tort claim filed by Plaintiff. (Id. ¶ 7.) Plaintiff claimed that the negligence of BOP staff had resulted in an erroneous debit of $1,400 from his trust fund account. (Id. ¶ 8.) As part of Salwocki's role in the investigation, he reviewed Plaintiff's trust fund account records. (Id. ¶ 10; id. ¶ 9 (explaining that up-to-date

inmate account information is recorded in the Trust Fund Accounting and Commissary System ("TRUFACS"), based on automated processes and BOP staff input); id. ¶ 11 (explaining that, as complex trust fund supervisor, Salwocki has authority to retrieve data from TRUFACS).)

Plaintiff's trust fund account records reflect that, on July 4, 2021, he received two (2) deposits at the BOP LockBox for $1,400 and $1,806. (Id. ¶ 12.)  These deposits were based on IRS stimulus checks directed to Plaintiff.   (Id.) Subsequently, however, the Department of the Treasury submitted a debit voucher to BOP staff for $1,400. (Id. ¶ 13.)  In accordance with policy, on August 20, 2021, BOP staff honored the Treasury's debit voucher by debiting $1,400 from Plaintiff's account.  (Id. ¶ 14.)  On December 20, 2021, Salwocki contacted staff at the BOP's Trust Fund Branch, located in the Central Office in Washington, D.C., to find out why the debit voucher was generated. (Id. ¶ 15.)  Staff explained that the Department of the Treasury rejected Plaintiff's $1,400 check because it was canceled or previously cashed, prompting the debit voucher.  (Id. ¶ 16.)

Thus, Plaintiff's account was debited pursuant to the Department of the Treasury's directive because the $1,400 check was not valid. (Id. ¶ 18.)  Salwocki has no knowledge as to why Plaintiff's check was not valid. (Id. ¶ 19.)

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). And a claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion, the court "accept[s] as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them." See Taksir v. Vanguard Grp., 903 F.3d 95, 96-97 (3d Cir. 2018) (citation and internal quotations omitted). The court also construes the factual allegations "in the light most favorable to the plaintiff[.]" See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010) (citation and internal quotations omitted). The court, however, is not required to credit "conclusions of law" or to draw "unreasonable factual inferences." See Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc., 450 F.3d 130, 133 (3d Cir. 2006).

Additionally, the United States Court of Appeals for the Third Circuit has outlined a three-step process to determine whether a complaint meets the pleading standard established by <u>Twombly</u> and <u>Iqbal</u>.  <u>See</u> <u>Connelly v. Lane Const. Corp.</u>, 809 F.3d 780, 787 (3d Cir. 2016).  First, the court "must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.'"  <u>See id.</u> (quoting <u>Iqbal</u>, 556 U.S. at 675) (alterations in original).  Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'"  <u>See id.</u> (quoting <u>Iqbal</u>, 556 U.S. at 679).  And, third, "'[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'"  <u>See id.</u> (quoting <u>Iqbal</u>, 556 U.S. at 679).

### B.     Rule 56

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  <u>See</u> Fed. R. Civ. P. 56(a).  "A disputed fact is 'material' if it would affect the outcome of the suit as determined by the substantive law."  <u>Gray v. York Newspapers, Inc.</u>, 957 F.2d 1070, 1078 (3d Cir. 1992) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)).  And, a disputed material fact is "genuine . . . [i]f the evidence is such that a reasonable jury could return a verdict for the nonmoving party[.]"  <u>See</u>

Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1287-88 (3d Cir. 1991) (citing Anderson, 477 U.S. at 248).

A party moving for summary judgment has the initial burden "of informing the district court of the basis for its motion, and identifying those portions of [the record], which it believes demonstrate the absence of a genuine issue of material fact." See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The moving party's burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." See id. at 325.

Once the moving party has met its initial burden, the burden shifts to the nonmoving party, who may not rest upon the unsubstantiated allegations or denials of its pleadings and, instead, must go beyond its pleadings, "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" to show a genuine dispute of material fact.  See Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 324.  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial[,]" summary judgment is proper.  See id. at 322. Summary judgment is also proper if the nonmoving party provides evidence that is

"merely colorable" or that "is not significantly probative[.]"  See Gray, 957 F.2d at 1078.

In addition, when deciding a motion for summary judgment, "the court must view all evidence and draw all inferences in the light most favorable to the non-moving party[.]"  See Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008) (citing Davis v. Mountaire Farms, Inc., 453 F.3d 554, 556 (3d Cir. 2006)); M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 125 (3d Cir. 2020) (stating that, when reviewing a motion for summary judgment, courts are to "view the evidence in the light most favorable to the non-moving party").

## III.   DISCUSSION

### A.    Defendant's Motion to Dismiss and/or for Summary Judgment

As set forth above, Plaintiff has filed a complaint pursuant to the provisions of the FTCA, claiming that Defendant "negligently" took $1,400 from his prison account.  (Doc. No. 1 at 4.)  "[T]he FTCA waives the sovereign immunity of the United States in its district courts for tort claims 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances [in which] the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"  Lomando v. United States, 667 F.3d 363, 372 (3d Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)) (alterations in original).  It

"'does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court.'" See id. (quoting In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001)); CNA v. United States, 535 F.3d 132, 141 (3d Cir. 2008) (explaining that "'[t]he cause of action in an FTCA claim . . . must come from state tort law" (citation omitted)).

Here, Plaintiff's complaint asserts a negligence claim against Defendant. (Doc. No. 1 at 4 (claiming that Defendant "negligently" took $1,400 from his prison account).) "Negligence is the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances." Walters v. UPMC Presbyterian Shadyside, 187 A.3d 214, 221 (2018) (citation omitted). Under Pennsylvania law, a negligence claim "requires a showing of four elements: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage." See Pyeritz v. Com., 32 A.3d 687, 692 (Pa. 2011) (citation omitted).

Defendant argues that Plaintiff's complaint should be dismissed under Rule 12(b)(6) for failure to state a negligence claim upon which relief can be granted. (Doc. No. 13 at 7-8.) More specifically, Defendant argues that the allegations in Plaintiff's complaint fall short of plausibly stating the existence of a duty or a breach

of that duty.  (<u>Id.</u> at 8.)  Defendant argues that, instead, the allegations in Plaintiff's complaint constitute nothing more than bare, conclusory allegations that Defendant harmed him.  (<u>Id.</u>)

Additionally, Defendant argues that, irrespective of Plaintiff's deficient pleading, it is evident under Rule 56 that the BOP was not negligent in debiting Plaintiff's account for $1,400.  (<u>Id.</u> at 9.)  In support, Defendants argue that the undisputed material facts reflect that Plaintiff's $1,400 check was invalid and, as a result, the Department of Treasury transmitted a debit voucher, which the BOP staff honored in accordance with BOP policy.  (<u>Id.</u>)  The Court is persuaded by Defendant's arguments.

Although discovery in this case has not been completed, and motions for summary judgment are not typically filed before discovery has been completed, under certain circumstances, motions for summary judgment may be filed prior to the completion of discovery.  <u>See</u> Fed. R. Civ. P. 56(b) (stating that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at **<u>any time</u>** until 30 days after the close of all discovery." (emphasis added).)  If, however, the non-moving party files an "affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may[:]" defer a ruling on the motion for summary judgment or deny it; allow time for the non-moving party to obtain affidavits, declarations, or

take discovery; or issue any other appropriate order.  See Fed. R. Civ. P. 54(d); Shelton v. Bledsoe, 775 F.3d 554, 567 (3d Cir. 2015).  "[D]istrict courts usually grant properly filed requests for discovery under Rule 56(d) 'as a matter of course,'" and "[t]his is particularly true when there are discovery requests outstanding or where relevant facts are under control of the party moving for summary judgment." See id. at 568 (citation and internal citations omitted).  Thus, "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment[.]" See id.

There are, however, exceptions to this general rule.  If "the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law[,]" then granting summary  judgment may be justified.  See id.  In addition, if "the Rule 56(d) declaration is inadequate[,]" then granting summary judgment may also be justified.  See id.  The Third Circuit Court of Appeals has explained that a Rule 56(d) declaration is adequate where it "specifies what particular information that is sought; how, if disclosed, it would preclude summary judgment; and why it has not been previously obtained."  See id. (citation and internal quotation marks omitted).

Here, Plaintiff has filed a brief in opposition, as well as an affidavit, to Defendant's motion to dismiss the complaint and/or for summary judgment. (Doc. Nos. 15, 16.)  Plaintiff argues, among other things, that Defendant's motion is

"premature[,]" and, as a result, he contends that Defendant's motion should be denied and that the parties should be permitted to proceed with discovery. (Doc. No. 15 at 1; id. at 5.)  Plaintiff does not address, however, the substantive components of Defendant's argument—i.e., that his complaint does not articulate the existence of any duty or breach of that duty as to the BOP or its employees.  See e.g., Doc. No. 16 at 7-8 (setting forth conclusory allegations concerning the various elements needed to state a negligence claim under Pennsylvania law.)  At most, Plaintiff argues that Defendant was negligent in "taking" the $1,400 from his prison account and in failing to "officially" notify him that the Department of Treasury had submitted a debit voucher to BOP staff for $1,400.  (Id. at 2.)  Indeed, most of Plaintiff's affidavit focuses on the asserted fact that he "was never" informed why the money was debited from his prison account.  (Id. at 1-3, 5.)

However, as reflected by the documentation submitted by Plaintiff, the appeal response to his administrative remedy specifically states why the money was debited from his prison account.  See (Doc. No. 15-9 at 1 (stating that the Federal Reserve Bank determined that Plaintiff had been incorrectly issued $1,400).)  Despite this stated reasoning in the appeal response, Plaintiff has not offered any allegations in his complaint or any argument in his briefing to show that the Department of Treasury incorrectly determined that the $1,400 check was erroneously issued to

him.  Instead, Plaintiff relies on conclusory allegations that the money was "negligently" taken from his account.

Additionally, the Court notes that this appeal response specifically directed Plaintiff to contact the Internal Revenue Service for further assistance with this issue. Plaintiff, however, has not suggested that he has done this or that, based upon his contacts with the Internal Revenue Service, he is rightly entitled to the money debited from his prison account by the BOP employees.

Finally, the Court observes that despite Plaintiff filing, what the Court construes as a Rule 56(d) affidavit (Doc. No. 16), Plaintiff has not shown that he needs discovery which pertains to facts that are material to Defendant's pending motion for summary judgment. In particular, Plaintiff has not specified what information he would seek in discovery, why it would preclude summary judgment being granted in favor of Defendant, and why it has not been previously obtained. Instead, Plaintiff, as stated above, continuously asserts that Defendant was negligent and that he was never informed why the money was debited from his prison account.

Thus, while the Court recognizes that summary judgment is typically not appropriate prior to the completion of discovery in a case, the Court finds that it is appropriate here.  Rule 56(b) permits a defendant to file a motion for summary judgment at "**<u>any time</u>** until 30 days after the close of all discovery."  <u>See</u> Fed. R. Civ. P. 56(b).  While Plaintiff was permitted to file an affidavit or declaration to

15

demonstrate that, for specified reasons, he was unable to present facts essential to justify his opposition to Defendant's motion, Plaintiff's affidavit does not suggest that, if he were given the opportunity to conduct discovery, he could present material facts to oppose Defendant's motion for summary judgment.  See Fed. R. Civ. P. 54(d).  As such, the Court concludes that Defendant is entitled to summary judgment.[2]

## B.    Plaintiff's Pending Motions

Plaintiff has filed a motion to compel Defendant to serve its "memorandum of law" supporting its motion to dismiss and/or for summary judgment (Doc. No. 14), as well as a motion to strike Defendant's "unlawful" sur-reply (Doc. No. 18). Plaintiff, however, has not filed a brief in support of either motion or sought an extension of time in which to file such briefs.  Thus, pursuant to Local Rule 7.5 of the Court's Local Rules, his motions will be deemed withdrawn.  See M.D. Pa. L.R. 7.5 (providing as follows: "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion . . . [i]f a

---

[2]   In light of this conclusion, the Court need not reach Defendant's remaining argument that, under the Prison Litigation Reform Act ("PLRA"), Plaintiff cannot recover damages for mental suffering since he has not alleged any physical injury. (Doc. No. 13 at 9-10 (arguing that Plaintiff seeks $200,000 for "mental duress and mental anguish" but that these damages are not cognizable under the PLRA since Plaintiff has not alleged any physical injury).)

supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn").[3]

## IV.   CONCLUSION

To conclude, the Court will grant Defendant's motion to dismiss the complaint and/or for summary judgment, and the Court will deem Plaintiff's motions withdrawn.  An appropriate Order follows.


Dated: February 28, 2023                    s/ Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

---

[3] Even if Plaintiff had filed supporting briefs, the Court would still deny his pending motions.  Regarding Plaintiff's motion to compel service of Defendant's "memorandum of law[,]" the Court observes that Plaintiff filed that motion before Defendant filed its brief in support.  Compare (Doc. No. 14 (containing Plaintiff's motion to compel, which is dated June 1, 2022, and was received by the Court on June 6, 2022) with (Doc. No. 13 (containing Defendant's supporting brief, which was filed on the Court's docket on June 6, 2022).)  The Court further observes that, in subsequent filings, Plaintiff references Defendant's supporting brief and explains that he "[i]mmediately" responded to Defendant's supporting brief by filing a brief in opposition, as well as an affidavit.  (Doc. No. 18 at 1.)  Thus, based on Plaintiff's own assertions, he not only received Defendant's supporting brief, but he responded to it by filing a brief in opposition, as well as an affidavit.  (Doc. Nos. 15, 16.)  Additionally, regarding Plaintiff's motion to strike Defendant's alleged "sur-reply[,]" (Doc. No. 18 at 1), the Court notes that Defendant was permitted, per the Local Rules of this Court, to file such a reply brief (Doc. No. 17) within fourteen (14) days of the date on which Plaintiff filed his brief in opposition.  See M.D. Pa. L.R. 7.7 (providing that "[a]brief in reply to matters argued in a brief in opposition may be filed by the moving party within fourteen (14) days after service of the brief in opposition").